NOTICE
Decision filed 11/10/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240003-U

NO. 5-24-0003

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| MICHAEL A. CONANT, as Trustee of the Jeff Conant Trusts, | ) ) ) | Appeal from the Circuit Court of Christian County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 23-LA-4 |
| FREDERICK P. PETERS, an Individual; O.N. EQUITY SALES COMPANY, an Ohio Corporation; O.N. INVESTMENT MANAGEMENT COMPANY, an Ohio Corporation; LASALLE ST SECURITIES, LLC, a Delaware Limited Liability Company; LASALLE ST INVESTMENT ADVISORS, LLC, a Delaware Limited Liability Company; and FRED PETERS FINANCIAL GROUP, INC., an Illinois Corporation, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants | ) ) ) | Honorable |
| (Frederick P. Peters, O.N. Equity Sales Company, and Fred Peters Financial Group, Inc., Defendants-Appellees). | ) ) | Bryan M. Kibler, Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Justices Vaughan and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*: We reverse the judgments of the circuit court granting defendants' motions to dismiss where the discovery rule applies and not all of the plaintiff's claims were barred by the applicable statute of limitations.

¶ 2    This interlocutory appeal involves two trusts (Trusts) established for the benefit of Jeffrey

L. Conant, a disabled person. On March 2, 2023, the plaintiff, Michael A. Conant, as trustee, filed

1

a complaint in the circuit court of Christian County, Illinois, alleging that each of the defendants had breached their fiduciary duties regarding the Trusts. On December 4, 2023, the circuit court granted two motions to dismiss on the basis that the plaintiff's claims against three of the defendants were barred by the applicable statute of limitations. For the following reasons, we reverse the judgments of the circuit court.

¶ 3                                    I. BACKGROUND

¶ 4     On April 4, 2023, the defendants, Frederick P. Peters and Fred Peters Financial Group, Inc. (Peters defendants), filed a motion to dismiss the plaintiff's complaint pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2022)). On July 7, 2023, the defendant, O.N. Equity Sales Company (ONESCO), also filed a motion to dismiss pursuant to section 2-619 of the Code (*id.*). The remaining defendants are not parties to this appeal and, as such, any reference to "the defendants" refers collectively to the Peters defendants and ONESCO.

¶ 5     According to the complaint, the defendant, Frederick P. Peters, was the acting financial advisor to the former trustee, David L. Conant, from 2003 until 2019; was the founder of the Peters Financial Group; and was a registered representative of ONESCO, a brokerage firm. The complaint alleged that the defendants violated their fiduciary duties to the Trusts in 2004, 2006, 2007, 2009, 2010, 2012, and 2019, by engaging in financial transactions that generated commissions for the defendants, but incurred substantial penalties to the Trusts.

¶ 6     The complaint further stated that the former trustee had limited experience with, and little understanding of, financial investments and relied upon the defendant, Frederick P. Peters, to act in the financial interest of the Trusts. As such, the complaint stated that the former trustee had completed the necessary paperwork for the transactions that had resulted in substantial fees to the Trust based upon the representations of Frederick Peters. There are no allegations in the complaint

2

that the investments in question were concealed, the fees not disclosed, or that fraudulent information was provided to the former trustee regarding these transactions.

¶ 7    The complaint also states that the alleged violations of fiduciary duties were unknown until 2022, when the plaintiff was appointed as trustee and hired other financial professionals to review the Trusts' investments. A copy of the Trusts, filed in In re Guardianship of Jeffrey L. Conant, No. 03-P-2, Fourth Judicial Circuit Court, Christian County, Illinois, was attached to the complaint. The Trusts require the trustee to render periodic statements of accounting for approval by the circuit court.

¶ 8    The defendants' motions to dismiss alleged, *inter alia*, that the plaintiff's claims were barred by the applicable five-year statute of limitation set forth in section 13-205 of the Code (735 ILCS 5/13-205 (West 2022)). Attached to the Peters defendants' motion to dismiss was the affidavit of Frederick P. Peters, and attached to ONESCO's motion to dismiss was a copy of the circuit court's docket report demonstrating that annual accounting reports were filed from 2011 to 2023.

¶ 9    On August 22, 2023, the circuit court conducted a hearing on all pending motions and took the defendants' motions to dismiss under advisement. On October 3, 2023, the circuit court heard additional arguments on the motions and again took the matters under advisement. The circuit court issued two written orders on December 4, 2023. Both orders stated that the circuit court found that the discovery rule did not apply, and as such, the plaintiff's claims against the defendants were barred by the applicable five-year statute of limitation.

¶ 10    On December 20, 2023, the plaintiff filed a motion to clarify the circuit court's orders of December 4, 2023. The motion to clarify stated that, although the circuit court's orders contained the statement that the orders were "appealable pursuant to Supreme Court Rules," neither order

3

contained the requisite express finding that there was no just reason for delaying either enforcement or appeal as required by Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). As such, the motion to clarify requested that the circuit court make the required Rule 304(a) findings with regard to its December 4, 2023, orders. On December 28, 2023, the circuit court filed amended orders with the appropriate Rule 304(a) findings, and thereafter, the plaintiff filed a timely notice of appeal on December 29, 2023.

¶ 11                                    II. ANALYSIS

¶ 12    Section 2-619(a)(9) of the Code provides for a dismissal on the pleading if the claim asserted against the defendant is barred by other affirmative matters avoiding the legal effect of or defeating the claim. 735 ILCS 5/2-619(a)(9) (West 2022). Under section 2-619, the moving party admits the legal sufficiency of the complaint but asserts an affirmative defense or other matter that avoids or defeats the claim. *Brock v. Anderson Road Ass'n*, 287 Ill. App. 3d 16, 21 (1997). Section 2-619(a)(5) provides that a defendant is entitled to dismissal if the action is not commenced within the time limited by law. 735 ILCS 5/2-619(a)(5) (West 2022); *Lamar Whiteco Outdoor Corp. v. City of West Chicago*, 355 Ill. App. 3d 352, 359 (2005). The applicable statute of limitations is the statutory period after which a lawsuit or prosecution cannot be brought. Black's Law Dictionary (11th ed. 2019). In Illinois, actions based on breach of fiduciary duty are governed by the five-year statute of limitations provided in section 13-205 of the Code (735 ILCS 5/13-205 (West 2022)). *Fuller Family Holdings, LLC v. Northern Trust Co.*, 371 Ill. App. 3d 605, 618 (2007). We review *de novo* a dismissal pursuant to section 2-619 of the Code. *Becker v. Zellner*, 292 Ill. App. 3d 116, 122 (1997).

¶ 13    In this appeal, the dispositive issue is whether the discovery rule applies. The discovery rule provides that the limitation period commences when the party possesses enough information

concerning his or her injury to apprise a reasonable person of the need for further inquiry to determine "both that an injury has occurred and that it was wrongfully caused." *Nolan v. Johns-Manville Asbestos*, 85 Ill. 2d 161, 171 (1981). The discovery rule is applicable to breach of fiduciary duty claims. *Fuller*, 371 Ill. App. 3d at 618. "The primary purpose of limitation periods is to require the prosecution of a right of action within a reasonable time to prevent the loss or impairment of available evidence and to discourage delay in the bringing of claims." *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.*, 61 Ill. 2d 129, 132 (1975). A plaintiff must exercise reasonable diligence in investigating any potential claims and the failure to reasonably investigate will not save a claim even if the plaintiff never had actual knowledge of the conduct giving rise to the litigation. *Malek v. Chuhak & Tecson, P.C.*, 2023 IL App (1st) 220723, ¶ 7. A determination regarding the limitations period is generally a question of fact unless the facts are undisputed and only one conclusion may be drawn from them. *Id.*

¶ 14    Here, the record does not establish, as a matter of law, that more than five years prior to 2022, the plaintiff knew or should have known of the need for further inquiry into whether the Trusts had suffered an injury and that said injury was wrongfully caused. Admittedly, the former trustee filed accounting reports in the circuit court; however, only the docket report was presented to the circuit court, and the defendants did not provide a copy of a single actual annual report which may have detailed any of the alleged transactions. The annual reports may have supported the defendants' position that the reports were sufficient to place the plaintiff on notice to investigate any potential claims concerning the financial transactions being conducted by the former trustee, but there is no indication within the record of what information the annual reports actually contained. Thus, simply the knowledge that annual reports were filed is insufficient to indicate whether specific financial transactions may have caused an injury and were the result of a legal

5

wrong. The defendants also do not cite any duty on behalf of the plaintiff that would require him to monitor the prior trustee's financial decisions prior to being appointed trustee.

¶ 15    The plaintiff became the trustee on January 31, 2022, and the complaint alleges that he was unaware of any legal wrong until he retained different financial professionals to evaluate the Trusts' financial investments in March 2022. When ruling on a section 2-619 motion to dismiss, all well-pleaded facts are accepted as true, and all pleadings are viewed in a light most favorable to the nonmoving party. *Snyder v. Heidelberger*, 2011 IL 111052, ¶ 8. Here, viewing the pleadings in the light most favorable to the plaintiff and based on the specific facts currently developed in this case, we do not find that this was a situation where a reasonable person would have been on notice that a possible legal wrong may have been committed prior to 2022.

¶ 16    We further note that, concerning the Peters defendants' motion to dismiss, the complaint contains an allegation towards the Peters defendants involving the liquidation of the Midland Policy and investment in the Franklin Total Return Fund that occurred in or around December 2019. As such, even if the discovery rule was applicable, that claim fell within the five-year statute of limitation and the Peters defendants were not entitled to dismissal of that claim.

¶ 17    Finally, we address the last section of the Peters defendants' appellee brief. The last section of the brief states that the circuit court did not formally rule on their motion to dismiss pursuant to the alternate grounds argued in their motion under sections 2-615 and 2-619(a)(9) of the Code (735 ILCS 5/2-615, 2-619(a)(9) (West 2022)), but that the circuit court did indicate that it "would have" denied the Peters defendants' motion on those grounds. The Peters defendants further state that they believed "dismissal under Sections 2-615 and 2-619(a)(9) is proper" and "respectfully refers to the briefing in the record on this topic."

6

¶ 18    Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires that an argument "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." See Ill. S. Ct. R. 341(i) (eff. Oct. 1, 2020) (requiring appellee's brief to also conform with the requirements of Rule 341(h)(7)). A defendant's failure to support his or her contentions with citation to legal authority or coherent argument forfeits review of the claim. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). This court is entitled to have cohesive arguments presented, supported by pertinent citations to legal authority, and it is not the function of this court to act as an advocate or search the record for error. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993). Since the Peters defendants have failed to even state a cohesive argument, let alone present citation to the record or legal authority, we find that the Peters defendants have forfeited this argument on appeal.

¶ 19    The record in this matter does not establish, as a matter of law, that more than five years prior to 2022, the plaintiff knew or should have known of facts indicating that the Trusts had suffered an injury and that said injury was wrongfully caused. Accordingly, we find that the discovery rule applies and we reverse the judgments of the circuit court granting the defendants' motions to dismiss. This court makes no determination regarding the merits of the plaintiff's claims or any of the defendants' alternate defenses in this matter.

¶ 20                               III. CONCLUSION

¶ 21    Based on the foregoing, we reverse the judgments of the circuit court granting the defendants' motions to dismiss and remand for further proceedings.

¶ 22    Reversed and remanded.

7